No. 05-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 199N

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

WILLIAM LEROY HUNTER,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. DDC 04-441,
                 Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Jane M. Berger, Public Defender, Great Falls, Montana

       For Respondent:

           Honorable Mike McGrath, Attorney General; Jennifer Anders,
           Assistant Attorney General, Helena, Montana

           Brant S. Light, County Attorney; Mary Ann Ries, Deputy County
           Attorney, Great Falls, Montana

                         Submitted on Briefs:  July 27, 2006

                                Decided:  August 22, 2006

Filed:

                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    On the evening of October 27, 2004, Officer Jeff Bragg saw a vehicle driven by William Leroy Hunter traveling northbound on 23rd Street and 10th Avenue South in Great Falls, Montana. Officer Bragg observed cracks on the vehicle's windshield that "spidered down and to the right (passenger side) from the rearview mirror" and "up about halfway from the bottom of the passenger side corner." According to Officer Bragg, the cracks in the windshield appeared to impair the driver's clear vision of the road in violation of § 61-9-405(2)(b), MCA. Officer Bragg stopped the vehicle and approached the driver; subsequent observations led to Hunter's arrest for both driving under the influence of alcohol and operating a vehicle with a defective windshield.

¶3    Hunter argues on appeal that the District Court should have suppressed all evidence resulting from the traffic stop for the reason that Officer Bragg "had no probable cause to stop Hunter" because the two cracks in the windshield "do not rise to meet the statute prohibiting drivers from operating a vehicle with a shattered or materially defective windshield." A district court, however, is only required to find that an officer who instigates a stop had particularized suspicion for suspecting that the

2

defendant committed or was in the process of committing an offense. Section 46-5-401, MCA. "A determination as to whether the 'particularized suspicion' requirement of the statute has been satisfied must be made in light of the totality of the circumstances giving rise to the stop." *State v. Henderson*, 1998 MT 233, ¶ 12, 291 Mont. 77, ¶ 12, 966 P.2d 137, ¶ 12. Given the undisputed facts, we conclude that the District Court correctly determined that under the totality of the circumstances, Officer Bragg had particularized suspicion to stop Hunter for cracks in the vehicle's windshield that appeared to impair Hunter's vision in violation of § 61-9-405(2)(b), MCA.

¶4 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶5 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE

3